## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL MUTZ,

*On behalf of himself and others similarly situated,*

                         Plaintiff,

 v.

CENTIMARK CORPORATION,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No:

## PETITION FOR REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Defendant Centimark Corporation ("Defendant") hereby removes to this Court the state court action described below.

1. On February 16, 2023, Plaintiff Michael Mutz ("Plaintiff") filed a putative class action in the Court of Common Pleas of Northampton County, Pennsylvania, entitled and captioned: *Michael Mutz v. Centimark Corporation*, and assigned Case No. C-48-CV-2023-1012.

2. Plaintiff's Complaint was served upon Defendant on February 22, 2022. A copy of the Complaint is attached hereto as Exhibit A to the Declaration ("Decl.") of Courtney K. Mazzio, Esquire.

3. Amongst other related causes of action against the Defendant, Plaintiff asserts a negligence *per se* cause of action under Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45.

4. Plaintiff alleges that he and putative class members received a letter in December 2022 from Defendant informing them of a data security incident at Centimark Corporation that could

have resulted in unauthorized access to their personal information by cybercriminals. *See* Exhibit A to Decl. at ¶¶ 22, 26. He alleges on behalf of both himself and the putative class that Defendant's failure to timely detect and report the data breach made its current and former employees vulnerable to identity theft. *See id.* at ¶6. Plaintiff asserts the following causes of action on behalf of both himself and the putative class: Negligence (*Count I*); Negligence Per Se *(Count II)*(asserting violations of the FTCA); Breach of Confidence *(Count III)*; Breach of Implied Contract *(Count IV)*; Unjust Enrichment *(Count V)*; and Publicity Given to Private Life *(Count VI)*.

### I.    Subject Matter Jurisdiction

5.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction under 28 U.S.C.A. §1367 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the FTCA, 15 U.S.C. §45.

6.   The Court of Common Pleas of Northampton County, Pennsylvania, is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. This court is the court embracing the place where the action is pending.

7.   This Complaint is removable to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Northampton County, Pennsylvania, pursuant to 28 U.S.C. §1331, §1367, and §1441.

8.   The Complaint alleges the action is brought under the FTCA, 15 U.S.C. §45. As such, this court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. §1331.

9.   In addition, this Court has supplemental jurisdiction over the remaining claims asserted by Plaintiff pursuant to 28 U.S.C. §1367 as such claims are "so related to claims in this action within

such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. §1367.

10. This Notice of Removal is being filed within 30 days of the date upon which Defendant received a copy of the Plaintiff's Complaint. *See ¶* 4 of Decl.

11. Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

12. Concurrently, Defendant has provided written notice of this Petition for Removal to Plaintiff's counsel, filing a copy with the Court of Common Pleas of Northampton County, Pennsylvania as required by 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant, Centimark Corporation, removes to this Court the above-entitled action, now pending in the Court of Common Pleas of Northampton County, Pennsylvania, and request that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Respectfully submitted,

GORDON REES, SCULLY, MANSUKHANI LLP

Dated: March 23, 2023

 */s/ Courtney K. Mazzio*
Peter Siachos, Esquire (PA ID# 318250)
Courtney Mazzio, Esquire (PA ID#319642)
1717 Arch Street, Suite 610
Philadelphia, PA 19103
psiachos@grsm.com
cmazzio@grsm.com
*Counsel for Defendant,*
*Centimark Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, Courtney K. Mazzio, Esquire, hereby certify that on this 23rd day of March 2023, I

served a copy of the foregoing Petition for Notice of Removal by electronic mail and regular

mail service on Plaintiff, Michael Mutz, at the following address:

Saltz Mongeluzzi & Bendesky, P.C..
Attn: Patrick Howard, Esq.
1650 Market Street
52nd Floor
Philadelphia, PA 19103

Turke & Strauss, LLP
Attn: Raina C. Borrelli, Esq. and Samuel J. Strauss, Esq.
613 Williamson Street, Suite 201
Madison, WI 53703

GORDON REES, SCULLY, MANSUKHANI LLP

Dated: March 23, 2023          */s/ Courtney K. Mazzio*
Peter Siachos, Esquire (PA ID# 318250)
Courtney Mazzio, Esquire (PA ID#319642)
1717 Arch Street, Suite 610
Philadelphia, PA 19103
psiachos@grsm.com
cmazzio@grsm.com
*Counsel for Defendant,*
*Centimark Corporation*